IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 08-cv-00640 LTB-MJW

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

JAMES BAXTER,
ERIC BROOKS,
ARDEN DENNIS,
LUIS SOLIS-GONZÁLEZ, and
NATHANIEL VALENTINE

Applicants for Intervention,

v.

ALBERTSON'S LLC, f/k/a ALBERTSON'S, INC.,

Defendant.

---

## PROPOSED ORDER REGARDING ELECTRONIC DISCOVERY (Docket No. 30)

Plaintiff Equal Employment Opportunity Commission ("EEOC") and Defendant Albertson's, LLC ("Albertson's"), through their respective counsel, and pursuant to the Court's Order of July 28, 2008, hereby submit the following proposed Order Regarding Electronic Discovery as an amendment to the Scheduling Order, entered on July 28, 2008.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED.R.CIV.P. 26(f)

f. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial

amount of disclosure or discovery will involve information or records maintained in electronic form. In those cases, the parties must indicate what steps they have taken or will take to (i) preserve electronically stored information; (ii) facilitate discovery of electronically stored information; (iii) limit associated discovery costs and delay; and (iv) avoid discovery disputes relating to electronic discovery. Describe any agreements the parties have reached for asserting claims of privilege or of protection as trial-preparation materials after production of computer-generated records.

The parties agree that there shall not be any waiver of the attorney-client privilege, attorney work product, governmental deliberative process, or any other privilege should there be the inadvertent disclosure of privileged information contained in electronically stored information produced in response to a discovery request.

EEOC believes there will be electronic discovery with respect to, *inter alia*, e-mails, the Vocollect system, human resources/personnel documentation, and payroll information. Albertson's does not believe at this point in time that its defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

EEOC's official document retention policy, as approved by the National Archives, states that the hard copy of a document is the official record. Thus, EEOC believes that there are no electronic documents relevant to this case that are not available in hard copy. EEOC does not claim that this policy exempts EEOC from requirements to preserve and/or produce electronic evidence, to the extent there is any non-privileged, discoverable electronic information.

Albertson's disputes that EEOC's document retention policy that hard copy is the official record exempts EEOC from any requirements imposed on other parties to preserve or produce potential evidence in electronic form. To the extent that EEOC contends that it does not have to produce electronically stored documents in electronic format – as opposed to hard copy -- based upon a purported official document retention policy, Albertson's objects on the grounds that such an assertion is contrary to the language and intent of Fed.R.Civ.P. 26 and would be patently unfair in that EEOC would be claiming that its electronic discovery could be produced in a less convenient format than that which would be required of Albertson's. If production in electronic format is feasible and required, it should be required of all parties, not just Albertson's. If production in hard copy format is permissible for EEOC, than it should be equally permissible for Albertson's.

As a prelude to discovery of any electronically stored information, the parties agree to engage in the following informal procedure on or by September 12, 2008. There shall be an informal telephone conference of the parties' respective Information Technology ("IT") personnel, with attorneys, to discuss the nature, type, capability, and format of the parties' respective electronic data record keeping systems/platforms and relevant discoverable data. Through this process the parties will attempt to determine, among other things what systems/platforms are involved, how they may be accessed, in what format(s) the data is stored, how the data may be produced, and in what format(s).

The parties agree that any electronic information stored in word processing form will be produced in Microsoft Word. If any such information is stored in another word processing format, such as WordPerfect or Rich Text Format, it will first be translated into Microsoft Word and then produced.

The parties agree that information stored as electronic images in PDF, JPEG, or some comparable format, such as GIF or TIF, shall be produced in the format in which it is stored.

EEOC requests that when information stored as electronic images in PDF format is produced in PDF format by either party, that all such electronic images produced be OCR-ed and/or otherwise fully searchable. EEOC believes producing such electronic images without OCR and/or some other search capability will have the effect of unnecessarily increasing the costs of and delaying this litigation in order to have all such documents re-coded so that they are OCR-ed and/or have some other such search capability.

Albertson's is not agreeable to producing documents in an OCR format and fully searchable. Albertson's objects to EEOC's request that it be required to pay to scan documents into machine readable format, such as OCR, on the grounds that such scanning is costly, not required by Fed.R.Civ.P. 26, and would be unduly burdensome on Albertson's as opposed to EEOC. Each party is free to decide what -- if any -- documents it chooses to pay to scan into machine readable format as opposed to being forced to pay to scan everything requested in discovery. However, if the Court were to order such scanning, the costs should be divided equally among the parties.

DATED this 11th day of August, 2008.

BY THE COURT:

/s/ Michael J. Watanabe
United States Magistrate Judge

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

APPROVED:

s/ D. Andrew Winston
D. Andrew Winstor
Trial Attorney
Equal Employment Opportunity
  Commission
Denver Field Office
303 E. 17th Avenue, Suite 410
Denver, CO 80203
Telephone: (303) 866-1361
E-mail: Andrew.Winston@eeoc.gov

Plaintiff

s/ Lawrence J. Gartner
Lawrence J. Gartner, Esq.
Ballard Spahr Andrews & Ingersoll LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067
Telephone: (424) 204-4400
E-Mail: gartnerl@ballardspahr.com

Attorneys for Defendant