IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE


Civil Case No. 08-cv-00640-LTB-MJW


EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

   Plaintiff,

and

ERIC BROOKS,
ARDEN DENNIS,
LUIS SOLIS GONZÁLEZ,
NATHANIEL VALENTINE, and
JAMES BAXTER,

   Applicants for Intervention,

v.

ALBERTSON'S LLC, f/k/a Albertson's, Inc.,

   Defendant.
_____

ORDER
_____

   This matter is before me on a Motion For Leave to Intervene As Party Plaintiffs filed by

Applicants Eric Brooks, Arden Dennis, Luis Solis González and Nathaniel Valentine [**DOC #8**]

and a Motion or Leave to Intervene As Party Plaintiff filed by Applicant James Baxter.  [**DOC

#23**]  Oral arguments would not materially assist me in the determination of these motions.

After consideration of the parties' arguments and the applicable legal authority, I GRANT the

motions for the following reasons.

## I. BACKGROUND

Plaintiff, the Equal Employment Opportunity Commission ("EEOC"), brought this public enforcement action against Defendant, Albertson's LLC ("Albertson's), pursuant to 42 U.S.C. § 2000e-5(f) and § 2000e-6 for a class claim of retaliation.   Specifically, the EEOC asserts that it seeks to correct Albertson's alleged pattern and practice of subjecting a class of its employees to retaliation for opposing discriminatory employment practices at its Distribution Center in Aurora, Colorado, in violation of  Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII").  In support of this action, the EEOC alleges that the complaining party, Jose Cortes, and other class members – including each of the Applicants here – were given less desirable work assignments, denied transfers, disciplined and/or discharged because of their opposition to Albertson's discriminatory employment practices based on race, national origin and/or color.

In its enforcement complaint, the EEOC alleges that Jose Cortes, a former Albertson's employee, filed a charge of discrimination on behalf of himself and other similarly situated employees, for retaliation.  The EEOC then made factual allegation of specific incidences of retaliation against Cortes and twenty other Albertson's employees – including each of the Applicants – who are Black/African-American, or of Hispanic-Mexican heritage.  Accordingly, the EEOC alleges that during their employment with Albertson's, Cortes and a class of distribution center employees engaged in protected activity under Title VII by opposing unlawful discriminatory employment practices and that Albertson's, acting through its managers and supervisors, retaliated against Cortes and the class of employees because of this protected activity.

Thereafter, Eric Brooks, Arden Dennis, Luis Solis González, Nathaniel Valentine, and James Baxter filed the motions at issue here seeking to intervene in this lawsuit as plaintiffs. They have also filed proposed Complaints in Intervention, in which they seeks relief for retaliation in violation of Title VII and 42 U.S.C. § 1981. The EEOC does not oppose the Applicants' request to intervene, but Albertson's does.

## II. BROOKS/DENNIS/GONZÁLEZ/VALENTINE MOTION

### A. Failure to Exhaust Administrative Remedies:

In its response to the Motion to Intervene filed by Applicants Eric Brooks, Arden Dennis, Luis Solis González, and Nathaniel Valentine, Albertson's first asserts that their motion should be denied on jurisdictional grounds. Namely, that these Applicants have failed to exhaust their administrative remedies – in that they have not presented their claims to the EEOC by timely filing a charge of discrimination for which they have received a right-to-sue letter – and, as such, this Court lacks jurisdiction over their claims. *See generally Shikles v. Sprint/ United Management Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005)(noting that the Tenth Circuit has held that a plaintiff's exhaustion of his or her administrative remedies is a jurisdictional prerequisite to suit under Title VII); *Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999).

The Applicants acknowledge that they have either not filed a charge of discrimination with the EEOC or, in the case of Applicant Brooks, that he has not yet received a right-to-sue letter from the EEOC. Nonetheless, the Applicants maintain that the "single filing" exception to the individual filing requirement allows them to intervene in this action. The single filing rule is recognized by the Tenth Circuit, and allows "an individual who has not filed an administrative

charge [to] opt-in to a suit filed by any similarly situated plaintiff under certain conditions."

*Thiessen v. General Electric Capital Corp.*, 267 F.3d 1095, 1110 (10th Cir. 2001). The single

filing rule "generally allows a plaintiff, who did not file an EEOC charge, to piggyback on the

EEOC complaint filed by another person who is similarly situated." *Id.; see also Foster v.*

*Ruhrpumpen, Inc.,* 365 F.3d 1191, 1197 (10th Cir. 2004). The single filing rule applies in EEOC

enforcement actions. *EEOC v. Albertson's LLC,* 247 F.R.D. 638, 642 (D.Colo. 2007)(citations

omitted).

"The policy behind the single filing rule is that it would be wasteful, if not vain, for

numerous employees, all with the same grievance, to have to process many identical complaints

with the EEOC." *Thiessen v. Gen. Elec. Capital, supra,* 267 F.3d at 1110. "As long as the

EEOC and the company are aware of the nature and scope of the allegations, the purposes behind

the filing requirement are satisfied and no injustice or contravention of congressional intent

occurs by allowing piggybacking." *Id.* (*quoting Mooney v. Aramco Servs. Co.*, 54 F.3d 1207,

1223 (5th Cir. 1995)). Thus, "[a] plaintiff who has not filed an individual EEOC charge may

invoke the single-filing rule where such plaintiff is similarly situated to the person who actually

filed an EEOC charge, and where the EEOC charge actually filed gave the employer notice of

the collective or class-wide nature of the charge." *Thiessen v. Gen. Elec. Capital, supra,* 267

F.3d at 1110 (*quoting Gitlitz v. Compagnie Nationale Air France*, 129 F.3d 554, 558 (11th Cir.

1997)_). Here, the Applicants maintain, and my review confirms, that their claims for

class-wide retaliation, and the supporting factual allegations, are "nearly identical" or verbatim

to those asserted in this case by Jose Cortes and the EEOC. Specifically, that over a period of

time, since at least 1995 to present, Albertson's has subjected a class of its employees at its

distribution center – which includes the Applicants – to retaliatory employment actions and discriminatory conditions of employment in response to their complaints to management related to a hostile work environment and discrimination based on race, national origin and/or color, in violation of Title VII. The Applicants have been specifically identified by the EEOC in its complaint as four of the claimants involved in this enforcement action. As such, the Applicants assert that they are similarly situated, and that the EEOC charge actually filed gave the employer notice of the collective or class-wide nature of the claim.

Albertson's argues that the single file rule is not applicable here because the Tenth Circuit has only applied it in cases challenging a single employment action. *See Foster v. Ruhrpumpen, supra* (applying the rule to a case in which the employer was accused of applying a discriminatory policy); *Thiessen v. Gen. Elec. Capital, supra* (applying the rule to a single decision to terminate a group of employees). As such, Albertson's asserts that the single file rule is only permitted where the unexhausted claims are "factually indistinguishable and arise from the very same conduct as the filed charges." Because this pattern and practice case involves discrete acts of retaliation against the individual Applicants – over a period of many years – Albertson's contends that the single file rule exception does not apply.

However, Albertson's does not cite to, nor does my research reveal, case law in support of its position that the single file rule only applies to allow the piggybacking of claims in cases that involve a discrete employment decision. In *EEOC v. Albertson's LLC, supra*, a Court in this district applied the single file rule to allow two of the Applicants here to intervene in the EEOC's enforcement action for claims of hostile work environment and harassment against Albertson's at its distribution center over the same time period (1995 to present). When assessing the

5

individual claims of each Applicant, the Court in that case looked at whether the claims asserted

"arise out of similar discriminatory treatment in the same time frame [because] the policies

served by compliance with Title VII's filing requirements – giving notice to the employer and

encouraging conciliation – are not violated if the complaints are sufficiently similar." *EEOC v.*

*Albertson's LLC, supra*, 247 F.R.D. at 642 (*quoting Rubidoux v. Johnston*, 954 F.Supp. 147,

1481 (D.Colo. 1997)). *See also Lilly v. Harris-Teeter Supermarket*, 720 F.2d 326, 335 (4th Cir.

1983).

Here, the claims asserted by the EEOC for a pattern and practice of retaliation against its

employees are based on the same factual allegations raised in the Applicants' proposed

complaints. In contrast, this is not the case, as was with one of the Applicants in *EEOC v.*

*Albertson's LLC, supra,* of a wrongful discharge claim based on an unrelated altercation with a

co-employee. As a result, because the claims here arise out of similar discriminatory treatment

in the same time frame as those alleged by the EEOC and exhausted by the complaining party,

the single file rule accepts these Applicants from the jurisdictional requirement that they exhaust

their administrative remedies.

**B. Application of Fed. R. Civ. P. 24(a):**

Albertson's also argues that the Applicants are not entitled to intervene pursuant to Fed.

R. Civ. P. 24(a). Fed. R. Civ. P. 24(a)(1) provides that the Court must permit anyone to

intervene who "is given an unconditional right to intervene by federal statute . . .". The

Applicants assert that they are given such unconditional right by Title VII which provides that

"[t]he person or persons aggrieved shall have the right to intervene in a civil action brought by

the [EEOC] Commissioner." 42 U.S.C. § 2000e-5(f)(1).

Albertson's maintains that the Applicants are not "persons aggrieved," as contemplated by Title VII, but rather that the person who brought the charge underlying the EEOC enforcement action (Jose Cortes) is necessarily the only individual entitled to intervene. *See generally General Tel. Co. v. EEOC*, 446 U.S. 318, 326, 100 S.Ct. 1698, 64 L.Ed.2d 319 (1980); *EEOC v. GMRI, Inc.*, 221 F.R.D. 562, 563 (D. Kan. 2004)(the party who filed the EEOC charge upon which the EEOC's action is based has an unconditional and absolute right to intervene in the action pursuant to Fed. R. Civ. P. 24(a)(1)); *EEOC v. Rappaport, Hertz, Cherson & Rosenthal, P.C.,* 273 F.Supp.2d 260, 263 (E.D.N.Y. 2003).

In this case, the individuals seeking to intervene are not the charging party upon which the action is based; rather, they are named class claimants in the EEOC complaint. As a result, the issue here is does the definition of "persons aggrieved" set forth in 42 U.S.C. § 2200e-5(f)(1) provide a statutory right to intervene in an EEOC enforcement action to persons other than the party whose charge is the basis of the lawsuit.

My research reveals that the Tenth Circuit has not addressed the question. However, in *EEOC v. Outback Steak House of Florida, Inc.,* 245 F.R.D. 657, 659 (D. Colo. 2007), Judge Edward W. Nottingham found that based on the rationale of the single filing rule, "[d]istrict courts in Iowa, Pennsylvania, Illinois, and New York . . . have all found that a 'person aggrieved' includes a person who has a nearly identical claim to a charging party even if the nearly identical claimant has not previously filed a charge with the EEOC." As such, he concluded that "a plaintiff who failed to file a charge of discrimination with the EEOC, but who asserts she was subject to similar discrimination by the same actors during the same time frame as the charging parties, is an 'aggrieved person' within the meaning of section 2000e-(f)(1)." *Id.*

at 660; *but see EEOC v. University of Phoenix, Inc.*, 2008 WL 1971396 (D. Ariz 2008)(ruling that "[b]ecause none of these individuals brought religious discrimination claims with the EEOC, the Court cannot conclude that they are aggrieved persons within the meaning of the statute").

I find that the rationale and reasoning in *EEOC v. Outback Steak House, supra* – in conjunction with the single file doctrine as adopted by the Tenth Circuit and discussed above – to be persuasive and applicable here. Therefore, I conclude that the Applicants here are aggrieved persons, as set forth in 42 U.S.C. § 2000e-5(f)(1), and thus are given an unconditional right to intervene by federal statute pursuant to Fed. R. Civ. P. 24(a)(1).

## C.  Untimely

Finally, Albertson's asserts that the Applicants should not be allowed to intervene in this action because their claims are untimely and barred by the applicable statute of limitations. However, I agree with the Applicants that since no discovery on the issue of timeliness has yet been taken, I cannot deny them leave to intervene at this point in the litigation. *See EEOC v. Albertson's LLC, supra*, 247 F.R.D. at 645 ("[i]t is not possible based on the record now before me to determine the merit of Albertson's statute of limitation defense. That is a matter to be decided at another stage of the case").

## III.  BAXTER MOTION TO INTERVENE

In the Motion to Intervene filed by Applicant James Baxter ("Baxter"), he asserts that he is an Albertson's distribution center employee that is specifically identified by the EEOC as a class claimant in this enforcement action. Like the other Applicants, Baxter seeks to intervene and assert claims for retaliation in violation of Title VII and 42 U.S.C. § 1981. Baxter maintains

8

that his Proposed Complaint in Intervention asserts claims which are identical to the claims asserted by the EEOC in that they arise from Albertson's alleged retaliation against him during his employment, including being subjected to adverse employment actions.

As an initial matter, I note that Applicant Baxter has filed three charges of discrimination with the EEOC, as to each of which he has received a Notice of Right to Sue letter. As such, Albertson's does not argue that he cannot intervene on the basis that he has failed to exhaust his claims. Rather, Albertson's asserts that his motion should be denied because the acts of retaliation asserted by Baxter in his proposed complaint bear no relationship to the acts asserted in the EEOC complaint. Albertson's contends that the allegations in his complaint do not establish or even suggest a claim for pattern or practice of retaliation, but rather consist of unique and highly individualized claims of employment discrimination.

In its enforcement complaint, the EEOC alleges that Albertson's has engaged in a pattern or practice of subjecting a class of its employees to retaliation for opposing unlawful discriminatory employment practices. In support of this action, the EEOC alleges that the class members were given less desirable work assignments, denied transfers, disciplined and/or discharged because of their opposition to Albertson's discriminatory practices based on race. As to Baxter, who is African-American, the EEOC asserts five specific incidences of unlawful retaliation by Albertson's against him as follows: a suspension for missing work while his wife was in a coma a week after appearing in court in the matter of *EEOC v. Albertson's LLC, supra*; the assignment of an undesirable temporary alternative work assignment after he sustained an on-the-job injury; two incidents of taunting/gesturing by a supervisor; and a release back to work by a doctor despite another doctor's order for arthroscopic surgery.

9

In Baxter's complaint for intervention, he generally alleges that "commencing on his first day of work, he observed the hostile work environments towards minorities," he "was subjected to disparate treatment in discipline training and work assignments," and he "complained about race discrimination, and continues to do so, and has been, and continues to be, retaliated against by" Albertson's. The complaint then sets forth a "non-exclusive list" of 26 alleged retaliatory actions by Albertson's against Baxter such as "suspended for inspecting equipment" and "[s]horted on a payroll check despite the fact that he had been injured on the job and has to go to the hospital."

I agree with Albertson's that it appears that Baxter is attempting to improperly litigate every employment grievance or work place dispute he has had while working at the distribution center. However, the additional factual allegations raised by him do not provide me with a basis to deny his motion to intervene pursuant to Fed. R. Civ. P. 24(a)(1). *See generally EEOC v. Albertson's LLC, supra*, 247 F.R.D. at 644 (ruling that although the interveners' claims were "more detailed, they certainly arise out of similar discriminatory treatment in the same time period as those alleged"). I am likewise unpersuaded by Albertson's unsupported argument that I should deny the motion on the basis that Baxter's intervention would unnecessarily burden this litigation with additional and duplicative attorney fees and costs.

ACCORDINGLY, I GRANT the Motion For Leave to Intervene As Party Plaintiffs filed by Applicants Eric Brooks, Arden Dennis, Luis Solis González and Nathaniel Valentine [**DOC #8**] and, as a result, the Amended Complaint and Jury Demand of Intervenors Eric Brooks,

Arden Dennis, Luis Solis González and Nathaniel Valentine [**Doc #27-2**] is ACCEPTED AS

FILED.

In addition, I GRANT the Motion or Leave to Intervene As Party Plaintiff filed by

Applicant James Baxter  [**DOC #23**] and, as a result, the First Amended Complaint in

Intervention and Jury Demand of Intervenor James Baxter [**Doc #33-2**] is ACCEPTED AS

FILED.

Dated: September __17__ , 2008, in Denver, Colorado.

BY THE COURT:

  s/Lewis T. Babcock                   
LEWIS T. BABCOCK, JUDGE
